Case 4:21-cv-04137   Document 3   Filed on 01/13/22 in TXSD   Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
January 13, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN ROBERT GRAY, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. H-21-4137 |
| RENEE HINOJOSA, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Parole Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

The petitioner, John Robert Gray (former TDCJ #475245), has filed a Petition for a Writ of Habeas Corpus by a Person in State Custody ("Petition") (Docket Entry No. 1) to challenge the calculation of his sentence. After reviewing the pleadings, the petitioner's litigation history, and the applicable law in accordance with Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the court will dismiss this case for the reasons explained below.

### I. Background

A jury in the 230th District Court of Harris County, Texas, found Gray guilty of indecency with a child in Case No. 481656 and

sentenced him to 27 years' imprisonment.[1]  Gray provides a copy of the judgment, showing that sentence was imposed on February 17, 1988, with credit for 193 days in custody.[2]  The conviction was affirmed on direct appeal in an unpublished opinion.  See Gray v. State, No. B14-88-00173-CR, 1989 WL 1196 (Tex. App. — Houston [14th Dist.] Jan. 12, 1989, pet. ref'd).

Court records show that Gray was released on parole in 1992, but that he returned to prison several years later when his supervised release was revoked in 1999.  See Gray v. Davis, Civil No. 6:16-CV-010-RP, 2017 WL 11644715, at *1 (W.D. Tex. Jan. 26, 2017) (summarizing state court records).  Gray was released a second time in 2010, but he returned to prison again in 2014, following another parole revocation.  See id.  Because Gray forfeited all of the time he spent out of custody (i.e., street time) when his parole was revoked, his sentence expiration date was recalculated each time he returned to prison.[3]  See id.  Gray was released on parole again in 2019, but was later placed in a secure half-way house facility.  See Gray v. Treece, Civil No. H-20-2790,

---

[1]Petition, Docket Entry No. 1, p. 2.  For purposes of identification all page numbers refer to the pagination imprinted by the court's electronic filing system, ECF.

[2]Judgment on Jury Verdict of Guilty, Docket Entry No. 1-1, p. 3.

[3]"Street-time credit refers to calendar time a person receives towards his sentence for time spent on parole or mandatory supervision." Ex parte Spann, 132 S.W.3d 390, 392 n. 2 (Tex. Crim. App. 2004).

2021 WL 2346026 (S.D. Tex. June 8, 2021) (Docket Entry No. 43) (dismissing Gray's civil rights action against his parole supervisor for failure to state an actionable claim under 42 U.S.C. § 1983).

Gray, who is now living at a private residence in Houston, filed his Petition for federal habeas corpus relief under 28 U.S.C. § 2254 on December 21, 2021.[4] He does not challenge his underlying conviction. Instead, he challenges the recalculation of his 27-year sentence and the length of time remaining on his parole.[5] His primary claim is that officials have unconstitutionally applied § 508.149 of the Texas Government Code to increase the "maximum expiration date" of the jury's original sentence without due process, noting that his parole has been extended until October 25, 2025.[6] By extending his sentence in this manner, Gray claims that he has been wrongfully required to pay fees associated with his parole and to comply with other conditions, such as a restriction that requires him to refrain from going within a distance of 500 feet from designated "child safety zones."[7]

Gray seeks an order immediately discharging him from "custody"

---

[4]Petition, Docket Entry No. 1, pp. 1-14.

[5]Id. at 6-10.

[6]Id. at 6-7.

[7]Id. at 8-10; see also Texas Board of Pardons and Paroles Policy No. 145.205, DESIGNATION OF STANDARDIZED DISTANCE FOR CHILD SAFETY ZONES, Docket Entry No. 1-1, pp. 6-8.

by terminating his sentence and relieving him of the conditions imposed on his supervised release.[8] The Petition must be dismissed because court records reflect that Gray has already raised similar challenges to the calculation of his sentence in more than one previous federal habeas proceeding.

## II. Discussion

This case is governed by the Anti-Terrorism and Effective Death Penalty Act (the "AEDPA"), codified as amended at 28 U.S.C. § 2244(b), which imposes restrictions on the filing of "second or successive" applications for habeas relief. Before a second or successive application may be filed in district court the applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. See 28 U.S.C. § 2244(b)(3)(A). "Indeed, the purpose of [28 U.S.C. § 2244(b)] was to eliminate the need for the district courts to repeatedly consider challenges to the same conviction unless an appellate panel first found that those challenges had some merit." United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000) (citing In re Cain, 137 F.3d 234, 235 (5th Cir. 1998)). When a second or successive habeas application is filed in a district court without

---

[8]Petition, Docket Entry No. 1, p. 10. The custody requirement for federal habeas corpus review does not require actual physical confinement and may involve a petitioner who is on parole or released subject to restrictive conditions of supervision. See Jones v. Cunningham, 83 S. Ct. 373, 376-77 (1963).

prior authorization by the court of appeals the district court must dismiss the application for lack of jurisdiction. See Burton v. Stewart, 127 S. Ct. 793, 799 (2007) (per curiam) (holding that the district court was required to dismiss an unauthorized second or successive petition for lack of jurisdiction).

A federal habeas petition is not "second or successive" for purposes of 28 U.S.C. § 2244(b) simply because it is submitted "'second or successively in time,'" Magwood v. Patterson, 130 S. Ct. 2788, 2796 (2010) (quoting Panetti v. Quarterman, 127 S. Ct. 2842, 2853 (2007), or "follows an earlier federal petition." In re Cain, 137 F.3d 234, 235 (5th Cir. 1998). "Although [the] AEDPA does not set forth what constitutes a 'second or successive' application, [the Fifth Circuit] has held that 'a later petition is successive when it: (1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ.'" Crone v. Cockrell, 324 F.3d 833, 836-37 (5th Cir. 2003) (quoting Cain, 137 F.3d at 235).

Gray claims that the 27-year sentence that he received in 1988 has been calculated incorrectly and extended past the discharge date because officials wrongfully forfeited street-time credit pursuant to § 508.149(a) of the Texas Government Code each time his

-5-

parole was revoked.⁹ Court records confirm that Gray has raised similar claims in two previous federal habeas corpus proceedings in the Southern District of Texas regarding the forfeiture of his street-time credit and the recalculation of his sentence following his parole revocation in 1999. See Gray v. Cockrell, Civil No. H-02-CV-4338 (S.D. Tex. Jan. 2, 2003) (Docket Entry No. 3) (rejecting as untimely Gray's claim that his sentence was recalculated improperly and that he was denied street time credit following his 1999 parole revocation); Gray v. Dretke, Civil No. H-05-CV-2102 (S.D. Tex. July 26, 2005)(Docket Entry No. 7) (rejecting as untimely Gray's claim that his sentence was recalculated improperly after his 1999 parole revocation).

Gray also raised a similar claim in another federal habeas corpus proceeding that he filed in the Western District of Texas in 2016, challenging the revocation of his parole and the recalculation of sentence upon his return to prison in 2014. See Gray v. Davis, Civil No. 6:16-CV-010-RP (W.D. Tex.) (Docket Entry No. 1). The Western District noted that the claim was similar to those raised by him previously and was therefore successive, but rejected the claim on the merits and dismissed the petition after considering state court records and an answer from the respondent.¹⁰

---

⁹Petition, Docket Entry No. 1, pp. 4, 6-7.

¹⁰A Texas prisoner is not entitled to the restoration of forfeited street-time credit following a parole revocation if he
(continued...)

See Gray v. Davis, Civil No. 6:16-CV-010-RP, 2017 WL 11644715, at *3, 4-5 (W.D. Tex. Jan. 26, 2017). The Fifth Circuit refused Gray's request for a certificate of appealability from that decision, concluding that Gray failed to show that his street-time credit was improperly taken as the result of a parole revocation proceeding or that his sentence was calculated incorrectly. See Gray v. Davis, No. 17-50118, 2017 WL 11644726, at *2 (5th Cir. Dec. 15, 2017) (unpublished).

Gray's pending Petition repeats his previous claim that his sentence has been wrongfully recalculated and extended past the discharge date because street-time credit was forfeited improperly following his parole revocation proceedings. Because this claim has been raised and rejected in previous federal habeas corpus proceedings, the court concludes that the pending Petition qualifies as successive. As a result, Gray is required to obtain authorization from the Fifth Circuit before this court can consider his Petition. Because there is no record that Gray has requested or received such authorization, this action must be dismissed without prejudice for lack of jurisdiction.

---

[10](...continued)
has a prior felony conviction for an offense listed in § 508.149(a) of the Texas Government Code. See Tex. Gov't Code § 508.283(c). A conviction for indecency with a child is an offense listed in § 508.149(a)(5).

### III. Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to show that "jurists of reason could disagree with the [reviewing] court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Buck v. Davis, 137 S. Ct. 759, 773 (2017) (citation and internal quotation marks omitted). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000). Because jurists of reason would not debate whether the Petition was successive, a certificate of appealability will not issue.

### IV. Conclusion and Order

Accordingly, the court **ORDERS** as follows:

1. The Petition for a Writ of Habeas Corpus filed by John Robert Gray (Docket Entry No. 1) is **DISMISSED**

-8-

**without prejudice.**

2. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the petitioner.

**SIGNED** at Houston, Texas, on this the 13th day of JAN. 2022.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE